# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN AND ALAINE VICTORIANA | CIVIL ACTION |
| VERSUS | No. 08-5048 |
| THE UNITED STATES OF AMERICA through the FEDERAL EMERGENCY MANAGEMENT AGENCY | SECTION I/1 |

## ORDER AND REASONS

Before the Court is a motion to dismiss all claims of plaintiff, John Victoriana ("Mr. Victoriana"), for lack of subject matter jurisdiction, filed on behalf of defendant, the United States of America.[1]  Plaintiffs, Mr. Victoriana and Alaine Victoriana ("Mrs. Victoriana"), oppose this motion.[2]  For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On December 2, 2008, plaintiffs initiated this action in federal court pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiffs allege that on December 9, 2005, Mrs. Victoriana fell and sustained injuries when the steps attached to her FEMA trailer collapsed.  Mr. Victoriana is making a loss of consortium claim related to Mrs. Victoriana's alleged accident.

Following the accident, Mrs. Victoriana timely exhausted her administrative remedies as required by the FTCA.  She did so using the standard—though not required—method of sending a completed SF 95 form to FEMA.

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 21.

1

On November 15, 2006, counsel for Mrs. Victoriana sent a handwritten SF 95 to FEMA ("original submission").[3] This form was rejected by a FEMA claims specialist on October 15, 2007. Counsel for Mrs. Victoriana[4] sent FEMA an updated SF 95 on December 3, 2007, and attached additional supporting documentation ("amended submission").[5] Neither of the two SF 95s sent to FEMA identified Mr. Victoriana as a claimant.[6] The amended submission, however, attached the original and amended complaints in a lawsuit against private defendants related to the same alleged accident.[7] Those pleadings, captioned *John and Alaine Victoriana v. Fluor Constructors Int'l, Inc., et al.*, included an allegation that Mr. Victoriana suffered a loss of consortium as a result of the accident.[8]

Defendant seeks dismissal of Mr. Victoriana's claims for lack of subject matter jurisdiction. Defendant argues that Mr. Victoriana failed to provide notice of his claim, as required by 28 U.S.C. § 2657, prior to pursuing his claim in court.

*LAW AND ANALYSIS*

I. **STANDARD OF LAW**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. Id. The district court may base its determination as to its

---

[3] R. Doc. No. 21-2.
[4] In support of their opposition, plaintiffs attach the affidavit of Phyllis N. Michon. Ms. Michon asserts that as part of the amended submission, counsel submitted a representation agreement between the Law Offices of Sidney D. Torres, III and Alaine Victoriana. See R. Doc. No. 21-8, p. 2. It is important to note that nowhere in this affidavit does Ms. Michon indicate that this agreement also covered Mr. Victoriana or that a separate agreement between the law firm and Mr. Victoriana was sent to FEMA.
[5] R. Doc. No. 21-4 through 21-8.
[6] The second SF 95, submitted on December 3, 2007, did identify John Victoriana as a witness. R. Doc. No. 21-4, p. 3.
[7] R. Doc. No. 21-5 through 21-7.
[8] R. Doc. No. 21-5, para. 16 ("As a direct an [sic] proximate cause of defendants' failures, John Victoriana as husband of Alaine Victoriana has suffered a loss of consortium as a result of the concurrent damages to the marital community.").

2

subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. "When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Fuller v. Hillyard, No. 00-2791, 2001 WL 6725 at *1 (E.D.La. January 2, 2001) (Vance, J.) (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997)). The Court may, therefore, look beyond the pleadings to evidence such as affidavits. Id.

## II. DISCUSSION

The FTCA is a limited waiver of the sovereign immunity of the United States for tort actions. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). It is well established that the United States, as sovereign, is immune from lawsuits except to the extent that it has waived its immunity. United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Waivers of sovereign immunity must be strictly construed." Gregory, 634 F.2d at 204.

The FTCA sets forth the conditions that a plaintiff must satisfy before initiating litigation against the United States. Id. at 203 ("Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted."). One such prerequisite is that a plaintiff must present her claim to the appropriate federal administrative agency before filing a lawsuit. The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful act or omission of
> any employee of the Government while acting in the scope of his

> office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Failure to comply with § 2675 deprives the federal courts of jurisdiction over the claim. Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).

A claimant satisfies the requirements of § 2675 if the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." Id. No particular form of giving notice is required "as long as the agency is somehow informed of the fact and amount of the claim." Williams v. United States, 693 F.2d 555, 557 (5th Cir. 1982).

It is important to separate the notice provided by Mrs. Victoriana with the notice provided by Mr. Victoriana. Each spouse must independently fulfill the requirements of the FTCA in order for this Court to have jurisdiction over the claim. See Walker v. United States, 471 F.Supp. 38, 42 (D.C.Fla. 1978) (holding that the court cannot infer a loss of consortium claim for the non-filing spouse even when the injured spouse's administrative claim included a loss of consortium claim for himself), aff'd 597 F.2d 770 (5th Cir. 1979).

The Court notes that the Fifth Circuit has interpreted § 2675 as requiring claimants to place a dollar amount on their damages to a sum certain.[9] See Adams, 615 F.2d at 292, n. 15 (citing Molinar v. United States, 515 F.2d 246, 248-49 (5th Cir. 1975)); Martinez v. United States, 728 F.2d 694, 697 (5th Cir. 1984). This requirement advances the congressional purpose of giving the relevant agency the opportunity to investigate and to settle claims without the

---

[9] Because of the Court's conclusion with respect to the sum certain requirement, it renders no opinion with respect to defendant's argument that the complaint in the related litigation does not provide sufficient notice to satisfy the first prong of § 2675.

4

expense and delay of litigation. While the Fifth Circuit has given the sum certain requirement a liberal construction, claimants must provide the agency with the facts necessary to estimate the value of the claim. See Wardsworth v. United States, 721 F.2d 503, 505-06 (5th Cir. 1983).

Mr. Victoriana failed to provide the agency with sufficient facts to estimate the value of his claim. Not one of the original or amended complaints attached to the amended submission alleges a specific dollar amount. In fact, the only relief requested is "an amount reasonable to compensate plaintiffs for the injuries sustained as a result of this accident."[10] Additionally, all of the other documents in the amended submission relate only to Mrs. Victoriana's injuries.[11] The only available information in the agency's possession which could be used to evaluate Mr. Victoriana's claim is the allegation repeated in the complaints that "[a]s a direct an [sic] proximate cause of defendants' failures, John Victoriana as husband of Alaine Victoriana has suffered a loss of consortium as a result of the concurrent damages to the marital community." Mr. Victoriana neither made an express claim for a specific dollar amount nor provided the necessary facts for FEMA to estimate the value of his claim. This frustrates the congressional purpose of allowing agencies the opportunity to settle claims prior to the filing of a lawsuit in federal court.

The amended SF 95, submitted on behalf of Mrs. Victoriana, does contain an express dollar amount.[12] Plaintiffs argue that the amended submission should be treated as a joint notice of their collective claims.[13] This position cannot be supported by the record before the Court. The cover letter expressly states that the information transmitted to FEMA on December 3, 2007,

---

[10] See R. Doc Nos. 21-5, 21-6, 21-7.
[11] R. Doc. No. 21-8. These additional documents include the representation agreement between Mrs. Victoriana and counsel; Answers filed by defendants in the related litigation; Rule 26 disclosures of defendants in the related litigation; "various prescription receipts;" hospital records; and medical bills.
[12] R. Doc No. 21-4, p. 3. Section 12 of that form values both the personal injury claim and the total claim at $1,500,000.00.
[13] R. Doc. No. 21, p. 8.

was sent "on behalf of Alaine Victoriana."[14]  The amended SF 95 lists only Alaine Victoriana in the "Claimant" section.  Moreover, John Victoriana's name does appear on the form but only under the section for "Witnesses."[15]  In the amended petition, counsel included a representation agreement for Mrs. Victoriana but did not include an agreement covering Mr. Victoriana.  The evidence is clear that Mr. Victoriana was not included as part of Mrs. Victoriana's submission to FEMA.  Lastly, even if the Court were to treat the amended SF 95 as a joint submission, plaintiffs provided FEMA with no way to independently value Mr. Victoriana's loss of consortium claim.

### III.  CONCLUSION

The Court concludes that Mr. Victoriana did not exhaust his administrative remedies as required by the FTCA.  As waivers of sovereign immunity must be "strictly construed," the federal courts do not have jurisdiction over his claim.  Accordingly, and for the reasons stated above,

**IT IS ORDERED** that defendant's motion to dismiss plaintiff, John Victoriana, for lack of subject matter jurisdiction is **GRANTED.**  All claims by plaintiff, John Victoriana, are **DISMISSED.**

New Orleans, Louisiana, July 17, 2009.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. No. 21-4, p. 2.
[15] R. Doc. No. 21-4, p. 3.