# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN AND ALAINE VICTORIANA** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-5048** |
| **THE UNITED STATES OF AMERICA** through the **FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION I/1** |

### ORDER AND REASONS

Before the Court is a motion to dismiss for lack of subject matter jurisdiction, filed on behalf of defendant, the United States of America.[1] Plaintiff, Alaine Victoriana,[2] opposes this motion.[3] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On December 2, 2008, plaintiff initiated this action in U.S. District Court pursuant to the Federal Tort Claims Act ("FTCA").[4] Plaintiff alleges that on December 9, 2005, she fell and sustained injuries when the steps attached to her FEMA trailer collapsed. Plaintiff's trailer was a Gulfstream Cavalier travel trailer manufactured by Gulfstream Coach, Inc. ("Gulfstream").[5] Her trailer had a set of portable steps, manufactured by Flexco Products, Inc. ("Flexco"), welded to its side.

Following manufacture by Gulfstream, the trailers were delivered to a FEMA staging area. FEMA then hired a contractor, Fluor Enterprises, Inc., to take the trailers from the staging

---

[1] R. Doc. No. 33.
[2] On July 20, 2009, the Court dismissed the claims of co-plaintiff, John Victoriana, for failure to exhaust his administrative remedies as required by the FTCA.
[3] R. Doc. No. 36.
[4] Plaintiff also sued Fluor, Gulfstream, Flexco, and other defendants for negligence related to her accident. The parties dismissed that case following the reaching of a settlement.
[5] R. Doc. No. 38-5.

1

area to their destinations, install and maintain the trailers, and build a set of exterior wooden steps with handrails outside the trailer. For reasons unknown, the wooden steps were not constructed on plaintiff's trailer. Plaintiff alleges that, six weeks following delivery, the attached portable steps collapsed and caused her injuries.

Defendant seeks dismissal of plaintiff's claims for lack of subject matter jurisdiction. Defendant argues that plaintiff's claims are barred under the independent contractor exclusion and the discretionary function exception to the FTCA.

*LAW AND ANALYSIS*

I. **STANDARD OF LAW**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. Id. The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. "When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Fuller v. Hillyard, No. 00-2791, 2001 WL 6725 at *1 (E.D.La. January 2, 2001) (Vance, J.) (quoting Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997)). The Court may, therefore, look beyond the pleadings to evidence such as affidavits. Id.

## II. DISCUSSION

The FTCA is a limited waiver of the sovereign immunity of the United States for tort actions. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). It is well established that the United States, as sovereign, is immune from lawsuits except to the extent that it has waived its immunity. United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Waivers of sovereign immunity must be strictly construed." Gregory, 634 F.2d at 204. The FTCA authorizes lawsuits against the United States for personal injury or death caused by "the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Plaintiff contends that the United States is liable as the custodian or owner of the trailer under Louisiana Civil Code Articles 2315, 2317 and 2317.1. At the outset, it is important to note that the FTCA precludes premises liability for the United States under a strict liability theory. Artez v. United States, 604 F.2d 417, 427 (5th Cir. 1979). Though not specifically addressed by the Fifth Circuit, this Court and other district courts have previously interpreted this bar as similarly precluding general premises liability. See, e.g., Rigdon v. United States Postal Service, No. 01-3553, 2003 WL 1618569 (E.D.La., Mar. 26, 2003) (Engelhardt, J.); Perkins v. United States, No. 98-2636, 1999 WL 148442, at *2 (E.D.La. Mar. 17, 1999) (Sear, J.); Cupit v. United States, 964 F.Supp. 1104, 1112 (W.D.La. 1997); but see Gourgeot, et al. v. United States Postal Service, No. 07-1621, 2008 WL 4724382 (E.D.La. Oct. 24, 2008) (Berrigan, J.). Accordingly,

3

plaintiff cannot prevail simply by arguing that the trailer was defective. She must instead allege specific acts of negligence by government employees.[6]

In this case, plaintiff alleges that government employees were negligent in (1) the selection of the travel trailers; (2) the manufacture of the trailers; and (3) by failing to inspect the trailers.[7] The Court will examine each of these allegations in turn.

A. The Selection of the Travel Trailers

Under the Stafford Act, the United States is immune from liability for claims based on its discretionary conduct. St. Tammany Parish v. FEMA, 556 F.3d 307, 318 (5th Cir. 2009). The discretionary function exception contained in the Stafford Act has been interpreted as having the same meaning as the parallel provision in the FTCA. Id. at 319. In order to survive a motion to dismiss, plaintiff must allege a claim that is facially outside the discretionary function exception. Id. at 315, n. 3. Discretionary function immunity will apply when the action is a matter of choice for the acting employee and when that choice is the kind of discretionary function the exception was designed to shield. Berkowitz v. United States, 486 U.S. 531, 536 (1988). The purpose of the discretionary function exception is to prevent judicial second-guessing of certain administrative decisions by the government. See Id.

Plaintiff argues that the United States was negligent by choosing a dangerous design of the travel trailers for use as temporary housing.[8] The selection of this type of trailer, however, is exactly the sort of decision that the discretionary function immunity was designed to protect. Plaintiff can point to no statute or regulation that requires FEMA to choose a particular type of trailer. Additionally, the selection of one trailer manufacturer over another is the type of policy

---

[6] See this Court's opinion in Charles v. United States Postal Service, et al., No 06-277, 2007 WL 925899 (E.D.La. Mar. 13, 2007).
[7] Plaintiff concedes that Fluor was an independent contractor with respect to the setting up the trailer. R. Doc. No. 36, p. 3 ("[P]laintiff concedes that Fluor's actions and omissions concerning the jacking up of the travel trailer and failure to install and appropriate detached stairway and landing were the responsibility of the contractor.").
[8] R. Doc. No. 36, pp. 8-9.

4

choice protected by discretionary function immunity. See e.g., Salazar v. United States, 633 F.Supp.2d 232, 237 (E.D.La. 2009) (specifically holding that the decision to select certain types of travel trailers over others is shielded from liability under the discretionary function exception); In re FEMA Trailer Formaldehyde Products Liability Litigation, 583 F.Supp.2d 758, 773 (E.D.La. 2008) (Engelhardt, J.). Accordingly, the Court finds that the discretionary function exception shields FEMA from liability for its selection of the travel trailers.

B. Negligent Manufacture of the Travel Trailers

Plaintiff's second argument is that the stairs on plaintiff's particular trailer were negligently manufactured. Plaintiff's trailer was manufactured by employees of Gulf Stream.[9] Ordinarily, the United States cannot be held liable under the FTCA for the negligence of a government contractor. Alexander v. United States, 605 F.2d 828, 833 (5th Cir. 1979). The United States is liable for an independent contractor only when it supervises the day-to-day operations of the party. Id. (citing United States v. Orleans, 425 U.S. 807, 815 (1976)).

Plaintiff argues that FEMA did exercise day-to-day control over the manufacturer.[10] Plaintiff alleges in her brief that FEMA maintained a constant presence at the manufacturing facility, conducted detailed supervision and quality control over the production process, and inspected approximately one in five trailers.[11] Plaintiff's only support for this allegation, however, is the declaration of Steven Miller which expressly states that FEMA representatives conducted only "walkthrough inspections" and "did not inspect, nor did they have the ability to

---

[9] The attached steps were manufactured by Flexco and installed by Gulfstream. Plaintiff does not, however, allege that the employees of Flexco were government employees and thus not covered by the independent contractor exception.
[10] R. Doc. No. 36, pp. 9-10.
[11] Id.

5

inspect, to determine whether or not the units had hidden problems."[12] Additionally, while plaintiff claims that the standard form used by FEMA inspectors demonstrates the degree to which FEMA was involved in monitoring quality, that form does not direct the inspectors to examine the exterior stairs.[13]

Plaintiff bears the burden of demonstrating sufficient facts to invoke this Court's jurisdiction under the FTCA. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff has not met her burden of demonstrating that the United States exercised sufficient control over the employees of Gulfstream Coach—a private commercial enterprise engaged in the manufacture of travel trailers long before the FEMA contract at issue—that such employees should be considered employees of the United States for the purposes of the FTCA.

C. Failure to Inspect the Trailers

Although plaintiff argues that FEMA failed to ensure that the stairs were free of defect prior to delivery to plaintiff, the evidence proffered by plaintiff demonstrates that FEMA did inspect the trailers after accepting them from Gulfstream.[14] Under Louisiana law, FEMA, as custodian of the trailers, had a duty to exercise reasonable care in discovering any ruin, vice or defect. Brown v. Williams, 850 So.2d 1116, 1122-23 (La.App. 2 Cir. 2003). FEMA did inspect the trailers to ensure they were new, contained the contracted for amenities, and were not damaged during transit.[15] Additionally, "FEMA relied upon the vendor and the manufacturer, and their expertise with construction and manufacture of [travel trailers], to provide [trailers] that were safe and habitable, and FEMA did not inspect or test units to determine whether or not they

---

[12] R. Doc. No. 36-7, p. 3. FEMA did maintain between three and five Technical Inspectors at the Gulfstream facility, but "the primary responsibility of these [inspectors] was to facilitate transportation of trailers . . . and to monitor production schedule." Id.
[13] R. Doc. No. 36-7, p. 6.
[14] R. Doc. No. 36, Ex. 6.
[15] R. Doc. No. 36-7, p. 3.

6

had hidden problems or defects . . ."[16] FEMA's reliance that the new trailers were free of hidden manufacturer's defects was reasonable.

Moreover, any argument that FEMA's inspections were not thorough enough to uncover hidden defects is foreclosed by discretionary function immunity. "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." United States v. Empressa De Viacao Rio Grandenese, 467 U.S. 797, 819-820 (1984).[17]

Hurricane Katrina caused widespread devastation and homelessness. A policy choice needed to be made that balanced the desire to provide aid as quickly as possible against the extent to which FEMA would be forced to rely on the representations and assurances of its vendors and contractors. FEMA made the choice to conduct inspections limited to ensuring that the unit was new, contained contracted for amenities, and had not been damaged in transit.[18] While it is possible that the decision to limit the extent of the inspections might cause an inspector to miss a hidden defect, the Court declines to second-guess that decision. Given the need to provide aid swiftly after Katrina, FEMA was entitled to choose to rely on its contractors. As such, any challenge to the thoroughness of FEMA's inspections is covered under the discretionary function exception.

---

[16] R. Doc. No. 36-7, pp. 3-4.
[17] Plaintiff in that case alleged that the Federal Aviation Administration was negligent for choosing to rely on manufacturers' safety tests and employing only "spot checks" to verify the manufacturer's work rather than conducting its own full inspections. The United States Supreme Court held that this behavior was immune from liability because of the discretionary function exception.
[18] R. Doc. No. 36, Ex. 6.

**III. CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that defendant's motion to dismiss plaintiff, Alaine Victoriana, for lack of subject matter jurisdiction is **GRANTED.**  All claims by plaintiff, Alaine Victoriana, are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, October 26, 2009.

						**LANCE M. AFRICK**
					 **UNITED STATES DISTRICT JUDGE**